# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MARGARET BILLINGS,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0131** (BOR Appeal No. 2054493)
(Claim No. 2013032657)

**STERLING JEWELERS, INC.,**
**Employer Below, Respondent**

**FILED**
**May 20, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Margaret Billings, by counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Sterling Jewelers, Inc., by counsel Mark J. Grigoraci, filed a timely response.

The issue on appeal is the amount of permanent partial disability sustained in the claim. In an Order dated June 20, 2018, the claims administrator found that Ms. Billings has been fully compensated by a prior 8% permanent partial disability award and determined that she was not entitled to an additional award. On August 16, 2019, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated January 24, 2020, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Office of Ins. Comm'r*, 235 W. Va. 577, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. W. Va. Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a *de novo* standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Office of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011). With these standards in mind, we proceed to determine whether the Board of Review committed error in affirming the decision of the Office of Judges.

Ms. Billings sustained an injury to her low back on May 24, 2013, while pulling down the security gate at the entrance of her employer's store within the Mercer Mall. She initially received treatment at Princeton Community Hospital on May 27, 2013, and was diagnosed as suffering from a lumbosacral strain. By Order dated June 26, 2013, the claims administrator held the claim compensable for back pain.

Ms. Billings underwent an MRI of her lumbar spine on July 11, 2013. The MRI revealed multilevel degenerative disc disease with significant bulging of the annulus to the left and a tiny central disc protrusion with mild compromise of the thecal sac at L3-4. Degenerative disc disease with bulging of the annulus, moderate bilateral foraminal narrowing, and mild facet arthropathy were noted at L4-5. Mild foraminal narrowing and bulging of the annulus were noted at L2-3.

On January 16, 2014, Robert Kropac, M.D., an orthopedist, completed a Diagnosis Update form requesting the addition of disc protrusion as a secondary condition. He would later testify at a deposition held on June 24, 2014, that he treated Ms. Billings from July 17, 2013, through April of 2014, and diagnosed her injury as a lumbosacral musculoligamentous strain superimposed on degenerative disc disease and degenerative arthritis with spinal stenosis and a left lower extremity radicular component. Dr. Kropac testified that Ms. Billings had a tiny disc protrusion at L3-4 and that the she was asymptomatic prior to her work injury of May 24, 2013. Regarding impairment related to the L3-4 disc, Dr. Kropac stated that he was absolutely sure that the L3-4 disc herniation is not causing any type of radiculopathy. By Decision of the Office of Judges dated October 24, 2014, disc protrusion was accepted as a secondary condition.[1]

---

[1] On February 23, 2014, the claims administrator denied a request to add disc protrusion at L3-4 as a secondary condition in the claim. Ms. Billings protested the claims administrator's decision. As a result of her protest, the Office of Judges reversed the claims administrator's February 23, 2014, decision and accepted disc protrusion as a secondary condition in the claim.

Robert Walker, M.D., performed an independent medical evaluation on December 8, 2017. At the time of the evaluation, Ms. Billings complained of pain in her lower back extending down her left leg. Physical examination revealed tenderness to palpation over the paraspinal areas of L3-4. Dr. Walker found decreased motor strength, sensation, and reflexes in the left lower extremity. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("AMA *Guides*"), Dr. Walker found a total of 18% whole person impairment for abnormal lumbar range of motion and Grade 2 sensory and Grade 5 motor deficits under Table 11 and 12 of the AMA *Guides*. Applying West Virginia Code of State Rules § 85-20 ("Rule 20"), Dr. Walker placed Ms. Billings in Category III of West Virginia Code of State Rules § 85-20-C due to significant signs of radiculopathy, including dermatomal pain, reflex changes, atrophy, and sensory changes. He apportioned 2% of her overall impairment for MRI evidence of pre-existing degenerative changes.

Ms. Billings underwent an independent medical evaluation with A. E. Landis, M.D., on March 20, 2018. Physical examination revealed some mild diffuse tenderness to palpation over the lumbosacral spine at the midline and over the sacrum. There was no evidence of motor weakness, reflex or sensory abnormalities, or muscle atrophy. Dr. Landis concluded that Ms. Billings had suffered a lumbar sprain superimposed upon pre-existing degenerative changes as a result of the compensable injury of May 24, 2013. She was found to be at her maximum degree of medical improvement. Dr. Landis opined that her prior 5% permanent partial disability award more than adequately compensates for her residual permanent impairment due to the compensable injury.[2] He found no evidence of progression of her impairment and stated that any progression is due to degenerative arthritis.

Based upon the assessment of Dr. Landis, the claims administrator entered an Order on June 20, 2018, finding that Ms. Billings had been fully compensated by a prior 8% permanent partial disability award and was entitled to no additional award in the claim. Ms. Billings protested the claims administrator's decision.

On October 4, 2018, Michael Kominksy, D.C., treated Ms. Billings for her complaints of persistent low back pain with leg pain and numbness. In his independent medical evaluation report, Dr. Kominsky stated that physical examination revealed sensory and motor abnormalities in the left lower extremity in the L4 distribution. Using the AMA *Guides*, Dr. Kominsky found 5% whole person impairment under Table 75 and 9% whole person impairment for abnormal lumbar range of motion. Additionally, Dr. Kominsky found 3% whole person impairment for sensory deficits and 5% whole person impairment for motor deficits. Combining the impairments, he found a total of 18% whole person impairment. Applying Rule 20, Dr. Kominsky placed Ms. Billings in Category III of West Virginia Code of State Rules § 85-20-C

---

[2] By Order dated August 16, 2014, the claims administrator granted Ms. Billings a 5% permanent partial disability award. Ms. Billings protested the claims administrator decision. On August 25, 2015, the Office of Judges reversed the claims administrator's Order and granted Ms. Billings an additional 3% above the 5% permanent partial disability previously granted. The Board of Review affirmed the Decision of the Office of Judges on March 1, 2016.

for an adjusted final impairment rating of 13% whole person impairment. Although she was found to have significant degenerative changes throughout her lumbar spine, Dr. Kominsky stated she was asymptomatic prior to her injury. It was his opinion that the L3-L4 disc bulge with subsequent nerve root impairment is the sole cause of her symptoms and loss of function. Dr. Kominsky attributed the lower back pain with left radicular pain to the May 24, 2013, injury.

Sterling Jewelers, Inc., submitted an independent medical evaluation report from Dr. Landis dated February 21, 2019. Dr. Landis again opined that Ms. Billings sustained nothing more than a lumbar sprain/strain as a result of her compensable injury of May 24, 2013. Using the AMA *Guides*, he found 5% whole person impairment under Table 75 and 10% whole person impairment for range of motion abnormalities of the lumbar spine. Applying Rule 20, he placed Ms. Billings in Lumbar Category II of West Virginia Code of State Rules § 85-20-C for a final adjusted impairment rating of 8% whole person impairment. Because Ms. Billings had already received an 8% permanent partial disability award in the claim, Dr. Landis concluded that she was not entitled to any additional amount of permanent partial disability. Dr. Landis subsequently provided a letter dated March 29, 2019, stating that his clinical findings did not support placing Ms. Billings in a higher category than Category II of West Virginia Code of State Rules § 85-20-C. He disagreed with Dr. Kominsky's findings and recommendations set forth in his report dated October 4, 2018.

On August 16, 2019, the Office of Judges entered an Order affirming the June 20, 2018, decision of the claims administrator ruling that Ms. Billings is not entitled to an additional permanent partial disability award in her claim. The Office of Judges found the impairment ratings of Drs. Walker and Kominsky to be unpersuasive, as the record does not support their decision to place Ms. Billings in Lumbar Category III of West Virginia Code of State Rules § 85-20-C. It was determined that an MRI performed on July 11, 2013, revealed no objective evidence of nerve impingement to support Drs. Walker's and Kominsky's findings of lumbar radiculopathy. The Office of Judges concluded that Ms. Billings failed to show by a preponderance of the evidence that she is entitled to an additional award of permanent partial disability benefits. The Board of Review issued an Order dated January 24, 2020, adopting the findings of fact and conclusions of law of the Office of Judges and affirmed the decision.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. A preponderance of the evidence establishes that Ms. Billings has been fully compensated for the compensable injury by her prior 8% permanent partial disability award. The Board of Review's Order is affirmed.

Affirmed.

**ISSUED:** May 20, 2021

**CONCURRED IN BY:**
Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4